

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BRANDON QUINCY THOMPSON,<br>a/k/a Terence Maceo Clay, Jr.,<br>a/k/a "Kadafi,"<br>a/k/a Hanee Rashid King,<br>a/k/a Hanee Rasid King, and<br>MEGAN MARIE HAYES,<br><br>Defendants. | CR 09-40129-01<br>              -02<br><br>INDICTMENT<br><br>Sex Trafficking of Children;<br>Transportation of Children for<br>Criminal Sexual Activity; Obstruction<br>of Sex Trafficking Enforcement;<br>Forfeiture<br><br>18 U.S.C. §§ 1591, 2423(a), 1594, 2 |

The Grand Jury Charges:

**FACTS COMMON TO ALL COUNTS**

On all dates relevant to the following counts:

Child Victim #1, whose identity is known to the Grand Jury, was a female resident of South Dakota and was 17 years of age.

Child Victim #2, whose identity is known to the Grand Jury, was a female resident of South Dakota and was 15 and 16 years of age.

Child Victim #3, whose identity is known to the Grand Jury, was a female resident of South Dakota and was 17 years of age.

## COUNT 1.
### (Sex Trafficking of a Child - Child Victim #1)

On or about between April 1, 2009, and July 31, 2009, in the District of South Dakota and elsewhere, in and affecting interstate and foreign commerce, Defendants Brandon Quincy Thompson, a/k/a Terence Maceo Clay, Jr., a/k/a "Kadafi," a/k/a Hanee Rashid King, a/k/a Hanee Rasid King, and Megan Marie Hayes did knowingly and intentionally recruit, entice, harbor, transport, provide and obtain by any means a person, to-wit: Child Victim #1, whose identity is known to the Grand Jury, knowing and recklessly disregarding that Child Victim #1 had not attained the age of 18 years during the relevant time period, and knowing and recklessly disregarding that Child Victim #1 would be caused to engage in a commercial sex act, and did benefit financially and by receiving anything of value from participation in a venture engaged in such acts, in violation of 18 U.S.C. §§ 1591(a)(1), 1591(a)(2) and 1591(b)(2), and did aid, abet, counsel, command, induce, procure and willfully cause the same, in violation of 18 U.S.C. §§ 2(a) and 2(b).

## COUNT 2.
### (Sex Trafficking of a Child - Child Victim #2)

On or about between August 1, 2008, and January 31, 2009, in the District of South Dakota and elsewhere, in and affecting interstate and foreign commerce, Defendant Brandon Quincy Thompson, a/k/a Terence Maceo Clay, Jr., a/k/a "Kadafi," a/k/a Hanee Rashid King, a/k/a Hanee Rasid King, did knowingly and

intentionally recruit, entice, harbor, transport, provide and obtain by any means a person, to-wit: Child Victim #2, whose identity is known to the Grand Jury, knowing that Child Victim #2 had not attained the age of 18 years during the relevant time period, and knowing that force, fraud, and coercion would be used to cause Child Victim #2 to engage in a commercial sex act, and knowing that Child Victim #2 would be caused to engage in a commercial sex act, and did benefit financially and by receiving anything of value from participation in a venture engaged in such acts, in violation of 18 U.S.C. §§ 1591(a)(1), 1591(a)(2), 1591(b)(1) and 1591(b)(2), and did aid, abet, counsel, command, induce, procure and willfully cause the same, in violation of 18 U.S.C. §§ 2(a) and 2(b).

COUNT 3.
(Transporting a Child for
Criminal Sexual Activity - Child Victim #2)

On or about between August 1, 2008, and January 31, 2009, in the District of South Dakota and elsewhere, Defendant Brandon Quincy Thompson, a/k/a Terence Maceo Clay, Jr., a/k/a "Kadafi," a/k/a Hanee Rashid King, a/k/a Hanee Rasid King, did knowingly transport an individual who had not attained the age of 18 years, to-wit: Child Victim #2, whose identity is known to the Grand Jury, in interstate and foreign commerce, with the intent that Child Victim #2 engage in prostitution, and in any sexual activity for which a person can be charged with a criminal offense in violation of 18 U.S.C. § 2423(a), and did aid, abet, counsel,

command, induce, procure, and willfully cause the same, in violation of 18 U.S.C. §§ 2(a) and 2(b).

## COUNT 4.
### (Sex Trafficking of a Child - Child Victim #3)

On or about between October 1, 2009, and November 20, 2009, in the District of South Dakota and elsewhere, in and affecting interstate and foreign commerce, Defendant Brandon Quincy Thompson, a/k/a Terence Maceo Clay, Jr., a/k/a "Kadafi," a/k/a Hanee Rashid King, a/k/a Hanee Rasid King, and did knowingly and intentionally recruit, entice, harbor, transport, provide and obtain by any means a person, to-wit: Child Victim #3, whose identity is known to the Grand Jury, knowing and recklessly disregarding that Child Victim #3 had not attained the age of 18 years during the relevant time period, and knowing and recklessly disregarding that Child Victim #3 would be caused to engage in a commercial sex act, and did benefit financially and by receiving anything of value from participation in a venture engaged in such acts, in violation of 18 U.S.C. §§ 1591(a)(1), 1591(a)(2) and 1591(b)(2), and did aid, abet, counsel, command, induce, procure, and willfully cause the same, in violation of 18 U.S.C. §§ 2(a) and 2(b).

COUNT 5.
(Transporting a Child for
Criminal Sexual Activity - Child Victim #3)

On or about between October 1, 2009, and November 20, 2009, in the District of South Dakota and elsewhere, Defendant Brandon Quincy Thompson, a/k/a Terence Maceo Clay, Jr., a/k/a "Kadafi," a/k/a Hanee Rashid King, a/k/a Hanee Rasid King, did knowingly transport an individual who had not attained the age of 18 years, to-wit: Child Victim #3, whose identity is known to the Grand Jury, in interstate and foreign commerce, with the intent that Child Victim #3 engage in prostitution, and in any sexual activity for which a person can be charged with a criminal offense in violation of 18 U.S.C. § 2423(a), and did aid, abet, counsel, command, induce, procure and willfully cause the same, in violation of 18 U.S.C. §§ 2(a) and 2(b).

COUNT 6.
(Obstruction of Sex Trafficking Enforcement)

On or between November 20, 2009, and the present, in the District of South Dakota and elsewhere, Defendant Brandon Quincy Thompson, a/k/a Terence Maceo Clay, Jr., a/k/a "Kadafi," a/k/a Hanee Rashid King, a/k/a Hanee Rasid King, did obstruct, attempt to obstruct, and did interfere with and prevent the enforcement of 18 U.S.C. § 1591 et seq., in violation of 18 U.S.C. § 1591(d).

## FORFEITURE ALLEGATIONS

The Grand Jury further finds that:

1. As a result of the offenses alleged in this Indictment, the Defendants shall forfeit to the United States:

    a. all property, real and personal, that constitutes and is derived from proceeds obtained, directly and indirectly, and traceable to the offenses;

    b. all property, real and personal, that was used and intended to be used, in any manner and part, to commit, facilitate, and promote commission of the offenses; and

    c. all property that constitutes and is derived from any proceeds obtained, directly and indirectly, as a result of the offense, and that is traceable to gross profits and other proceeds obtained from the offense.

2. The property forfeited shall include but not be limited to a 2006 Chrysler 300 four-door automobile, South Dakota licence 44GRF8, vehicle identification number 2C3KA53G06H150128.

3. If any of the property described above, as a result of any act and omission of the Defendants:

    a. cannot be located upon the exercise of due diligence;

  b. has been transferred and sold to, and deposited with, a third party;

  c. has been placed beyond the jurisdiction of the Court;

  d. has been substantially diminished in value; and

  e. has been commingled with other property that cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property, all pursuant to 18 U.S.C. §§ 981(a)(1)(C); 1594; 2428.

            A TRUE BILL:

            _____
            Foreperson

BRENDAN V. JOHNSON
UNITED STATES ATTORNEY

By: _____