

**FILED**

NOV 16 2010

CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR09-40129-01 |
| Plaintiff, | PLEA AGREEMENT |
| vs. | |
| BRANDON QUINCY THOMPSON, a/k/a Terence Maceo Clay, Jr., a/k/a "Kadafi," a/k/a Hanee Rashid King, a/k/a Hanee Rasid King, | |
| Defendant. | |

The Defendant, the Defendant's attorney, and the United States Attorney for the District of South Dakota hereby submit the following Plea Agreement to the United States District Court, which Agreement was reached pursuant to discussions between the United States Attorney and the Defendant's attorney. The Agreement is as follows:

**A.     ACKNOWLEDGMENT AND WAIVER OF RIGHTS AND UNDER-STANDING OF MAXIMUM PENALTIES:** The Defendant agrees that he has been fully advised of his statutory and constitutional rights herein, and that he has been informed of the charges and allegations against him and the penalty therefor, and that he understands same.   The Defendant further agrees that he understands that by entering a plea of guilty as set forth hereafter, he will be

waiving certain statutory and constitutional rights to which he is otherwise entitled.

**B.     PLEA AGREEMENT PROCEDURE:**   The United States and the Defendant agree that this Plea Agreement is presented to the Court pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure which authorizes the United States to agree that it will not bring, or will move to dismiss, other charges. The Court may accept this agreement, reject it, or defer a decision until the Court has reviewed the presentence report.

**C.     PLEA OF GUILTY TO CHARGE AND DISMISSAL OF OTHER CHARGES:**   The Defendant will plead guilty to Count 12 of the Second Superseding Indictment filed in this case which charges a violation of 18 U.S.C. §§ 1591(a)(1), 1591(a)(2), 1591(b)(1), 2(a), and 2(b).   The charge carries a mandatory minimum sentence of 15 years in prison and a maximum sentence of life in prison, a $250,000 fine, or both, and a mandatory period of supervised release of five years to life.  A violation of a condition of supervised release due to the commission of a crime enumerated in 18 U.S.C. § 3583(k) will carry a mandatory minimum sentence of 5 additional years in prison and a maximum sentence of life in prison.   Otherwise, a violation of a condition of supervised release carries a maximum sentence of 5 additional years in prison.

The Defendant will also plead guilty to Count 19 of the Second Superseding Indictment filed in this case which charges a violation of 18 U.S.C. §§ 373 and

1512(a)(1).  The charge carries a maximum sentence of 20 years in prison, a $250,000 fine, or both, and maximum period of 5 years of supervised release.  A violation of a condition of supervised release carries a maximum sentence of 3 additional years in prison.

There is also a $100 assessment to the victims' assistance fund per count.

Upon acceptance of the plea by the Court and the imposition of sentence, this section shall be treated as a motion to dismiss the remaining counts in the Second Superseding Indictment as they pertain to the Defendant pursuant to the terms of this plea agreement.

**D.    VIOLATION OF TERMS AND CONDITIONS:**  The Defendant acknowledges and understands that if he violates the terms of this plea agreement, engages in any further criminal activity, or fails to appear for sentencing, this plea agreement shall become voidable at the discretion of the United States and the Defendant will face the following consequences:

(1)    All testimony and other information the Defendant has provided at any time to attorneys, employees, or law enforcement officers of the United States, to the Court, or to the federal grand jury may and will be used against him in any prosecution or proceeding.

(2)    The United States will be entitled to reinstate previously dismissed charges and/or pursue additional charges against the Defendant, and to use any

information obtained directly or indirectly from him in those additional prosecutions.

(3)     The United States will be released from any obligations, agreements, or restrictions imposed upon it under this plea agreement.

**E.     ACCEPTANCE OF RESPONSIBILITY:** The United States agrees that based upon the information known to it at this time, the Defendant is entitled to a two-level decrease in his offense level pursuant to U.S.S.G. § 3E1.1(a), provided no evidence is disclosed in the presentence report which indicates the Defendant has  not demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct, and further provided he: (1) complies with the terms of this plea agreement; (2) testifies truthfully during the change of plea hearing; (3) participates truthfully with the Probation Office in the presentence investigation; (4) does not violate any conditions of pretrial detention or release after he signs this agreement; and (5) continues to exhibit conduct consistent with acceptance of responsibility. Both the United States and the Defendant otherwise reserve the right to present evidence and make argument regarding sentencing.

**F.     TIMELY ACCEPTANCE OF RESPONSIBILITY:** The United States agrees that the Defendant has timely notified authorities of his intention to enter a plea of guilty thereby permitting the United States and the Court to allocate their resources efficiently.   Therefore, if the offense level determined prior to the operation of U.S.S.G. § 3E1.1(a) is level 16 or greater and the Defendant qualifies

for a two-level decrease under U.S.S.G. § 3E1.1(a), this provision shall be treated at the sentencing hearing as a motion  pursuant to U.S.S.G. § 3E1.1(b) to decrease the offense level by one additional level.

**G.    GOVERNMENT'S RECOMMENDATION REGARDING SENTENCE:** The Defendant and the United States understand and agree that the Court will determine the applicable Guideline range after reviewing the presentence report and considering any evidence or arguments submitted at the sentencing hearing.

The United States agrees that it will recommend that the Court impose a sentence of imprisonment of no more than 360 months, regardless of the Guideline range. The Defendant understands that any recommendation made by him or the United States is not binding on the Court. The Defendant further understands that he may not withdraw his plea of guilty if the Court rejects any recommendation.

The United States reserves the right to present evidence and argument as to what it believes the applicable Guideline range should be and to respond to any objections to the presentence report.

**H.    SPECIAL ASSESSMENT:** The Defendant agrees to remit to the U.S. Clerk of Court, 400 S. Phillips Ave., Sioux Falls, SD 57104, no later than two weeks prior to sentencing, a certified or cashier's check payable to the "U.S. Clerk of Court" in the amount of $200, in full satisfaction of the statutory costs pursuant to 18 U.S.C. § 3013.

of Court" in the amount of $200, in full satisfaction of the statutory costs pursuant to 18 U.S.C. § 3013.

I.    **MONETARY OBLIGATIONS – DEFENDANT'S ONGOING DUTY:**    If the Defendant does not have sufficient financial resources to immediately satisfy the financial obligations imposed upon him at sentencing, the Defendant agrees, if requested by the United States, to promptly execute and return an executed Authorization to Release Financial Records and Documents, an executed Authorization to Release Tax Returns and Attachments and an executed Financial Statement.    The Defendant understands that this is an ongoing duty which continues until such time as payment is remitted in full.    Also the Defendant may be required to furnish the requested information, as well as current earnings statements and copies of his W-2s even if the request is made after he has been sentenced.

The Defendant agrees to assist the United States in identifying, locating, returning, and transferring assets for use in payment of any financial obligations imposed as part of the sentence in this case.

The Defendant also agrees that if he is incarcerated, he will participate in the Bureau of Prison's Inmate Financial Responsibility Program during any period of incarceration in order to pay any financial obligations ordered by the Court. The Defendant's agreement to participate in the Inmate Financial Responsibility Program does not limit the United States' right to pursue collection from other

available sources. If there is no period of incarceration ordered, the Defendant agrees that payment of any financial obligations ordered by the Court shall be a condition of probation.

J.   **NO FURTHER PROSECUTION:** The United States agrees that there will be no further federal criminal prosecution of the Defendant in the District of South Dakota based on the information and evidence now available to the United States regarding the Defendant's involvement with the offenses charged in the Indictment.

K.   **SEX OFFENDER REGISTRATION:** The Defendant has been advised, and understands, that under the Sex Offender Registration and Notification Act, a federal law, that he must register and keep the registration current in each of the following jurisdictions: where he resides; where he is an employee; and where he is a student.   The Defendant understands that the requirements for registration include providing his name, his residence address, and the names and addresses of any places where he will be an employee or a student, among other information. The Defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or is a student not later than three business days after any change of his name, residence, employment, or student status.   The Defendant has been advised, and understands, that failure to comply with these

obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

**L.**   **BASIS FOR PLEA OF GUILTY:**   The Defendant agrees that the statement of facts, signed by the parties and incorporated herein by this reference, provides the basis for his guilty plea in this case, and is a true and accurate statement of his actions or omissions with regard to the charges to which he is entering a plea, and that the Court may rely thereon in determining the basis for his plea of guilty as provided for in this plea agreement.

**M.**   **WAIVER OF SPEEDY TRIAL:**   The Defendant agrees to waive any rights to a speedy trial under either the United States constitution or the Speedy Trial Act.  This waiver is necessary so that the Court will have the benefit of all relevant information at sentencing.

**N.**   **PARTIES BOUND:**   It is further understood and agreed that this agreement is limited to the United States Attorney's Office for the District of South Dakota, and that this agreement cannot and does not bind other federal, state, or local prosecuting authorities.

**O.**   **SCOPE OF AGREEMENT:**   This agreement shall include any attachments, exhibits or supplements designated by the parties.  It is further understood and agreed that no additional promises, agreements, or conditions have been entered into other than those set forth in this agreement, and this agreement supersedes any earlier or other understanding or agreement.

**P.**     **WAIVER OF DEFENSES AND APPEAL RIGHTS:** The Defendant

hereby waives all defenses and his right to appeal any non-jurisdictional issues.

The parties agree that excluded from this waiver is the Defendant's right to appeal

any decision by the Court to depart upward pursuant to the sentencing guidelines

as well as the length of his sentence for a determination of its substantive

reasonableness should the Court impose an upward departure or an upward

variance pursuant to 18 U.S.C. § 3553(a).

## SUPPLEMENT TO PLEA AGREEMENT

The United States will file a Supplement to Plea Agreement which is required to be filed in every case in compliance with the Court's Standing Order.

BRENDAN V. JOHNSON
United States Attorney

11/16/10
Date

KEVIN KOLINER
Assistant United States Attorney
P.O. Box 2638
Sioux Falls, SD 57101-2638
Telephone: (605)330-4400
Facsimile: (605)330-4410
E-Mail: kevin.koliner@usdoj.gov

APPROVED:
BRENDAN V. JOHNSON
United States Attorney
By:

DENNIS R. HOLMES
Chief, Criminal Division

11/15/10
Date

Brandon Quincy Thompson
Defendant

11-15-2010
Date

Mark V. Meierhenry
Attorney for Defendant

-10-