UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>BRANDON QUINCY THOMPSON,<br>a/k/a Terence Maceo Clay, Jr.,<br>a/k/a Kadafi, a/k/a Hanee Rashid<br>King, a/k/a Hanee Rasid King,<br><br>　　　　　Defendant. | **4:09-CR-40129-01-KES**<br><br>**ORDER DENYING SECOND MOTION FOR COMPASSIONATE RELEASE** |

Defendant, Brandon Quincy Thompson, moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). Docket 166-1; Docket 177. Plaintiff, the United States of America, opposes the motion. Docket 169. For the following reasons, the court denies the defendant's motion for compassionate release.

## BACKGROUND

The background of Thompson's case was outlined in the court's order on Thompson's first motion for compassionate release. Docket 161. On April 15, 2011, this court sentenced Thompson to life in custody for sex trafficking of a minor by force, fraud, or coercion in violation of 18 U.S.C. §§ 1591(a)(1), 1591(a)(2), 1591(b)(1), 1591(b)(2), 2(a) and 2(b), and a consecutive 120 months in custody, for solicitation to murder a federal witness in violation of 18 U.S.C. §§ 373 and 1512(a)(1). Docket 121 at 4; Docket 123 at 1-2. Thompson is currently incarcerated at the United States

1

Penitentiary Terre Haute (USP Terre Haute), a high-security penitentiary, in Terre Haute, Indiana, and he has served eleven years and seven months of his life sentence. *Find an Inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc (last visited Mar. 2, 2023).

In support of his motion, Thompson argues that his family circumstances, his cousin's medical condition, and his rehabilitation efforts demonstrate "extraordinary and compelling reasons" that warrant early release from custody under the First Step Act (FSA).[1] Docket 166-1 at 8-16; Docket 177 at 1-5. The Government opposes Thompson's motion, arguing that the court appropriately denied Thompson's prior motion for release, and he has failed to show "extraordinary and compelling reasons" warranting relief. Docket 169 at 3-8.

## DISCUSSION

The court detailed the governing law and analysis it uses when confronted with a compassionate release motion in Thompson's prior order. Docket 161. For current purposes, it is sufficient to note that because sentences are final judgements, a court ordinarily "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c). But Congress made changes to the law through the FSA, which permits inmates

---

[1] Thompson also claims that the Ex Post Facto clause was violated along with his 5th and 8th Amendment rights when entering his guilty plea. Docket 177 at 4. A compassionate release motion, however, is not the proper vehicle for these claims.

2

in specified circumstances to file a motion in the court where they were convicted seeking compassionate release. *See* Pub. L. No. 115-391, § 603(b)(1) 132 Stat. 5194, 5239 (2018). Compassionate release provides a narrow path for defendants with "extraordinary and compelling reasons" to leave custody early. 18 U.S.C. § 3582(c)(1)(A)(i). When considering whether to grant a motion for compassionate release, the court must consider the § 3553(a) sentencing factors and the applicable policy statement issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). The burden to establish that a sentence reduction is warranted under 18 U.S.C. § 3582(c) rests with the defendant. *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

I.  **Extraordinary and Compelling Circumstances**

Under the direction of Congress, the Sentencing Commission described what "should be considered extraordinary and compelling reasons" for compassionate release and fashioned "the criteria to be applied and a list of examples." *See* 28 U.S.C. § 944(t). The Sentencing Commission limited "extraordinary and compelling reasons" to three categories with a fourth category for an "extraordinary and compelling reason other than, or in combination with, the reasons described in subdivision (A) through (C)." USSG § 1B1.13, cmt. n.1(A)-(D). In Thompson's second compassionate release motion, he relies on two of the four categories: family circumstances and the catch-all category. *Id*; Docket 166-1 at 8-9; Docket 177 at 1-3.

3

### A. Family Circumstances

To justify compassionate release under the family circumstances category, USSG § 1B1.13 comment note 1(C), the defendant must demonstrate one of the following: (1) the "death or incapacitation of the caregiver of the defendant's minor child or minor children" or (2) the "incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." Thompson explains that since his father passed away in 2021, his two younger brothers, ages 15 and 9, are without a proper caregiver. Docket 166-1 at 8. Thompson admits the younger brothers are currently being cared for by another of Thompson's brothers and his sister, but he claims they provide an unstable environment for the younger brothers due to their financial hardship and work schedules. Docket 177 at 2. Thompson claims that if he is released, he would be able to provide a stable home for his brothers. *Id.*

Thompson's brothers do not qualify under the family circumstances category because this category specifically limits it to care needed for the spouse or minor children of the movant. *See* USSG § 1B1.13, cmt. n.1(C). Thompson argues that the court is not bound by this limitation because the Sentencing Guidelines are merely advisory, and the court has discretion to consider other factors. *See* Docket 177 at 2. Although he is correct that a district court retains discretion in its sentencing decisions, this discretion is

4

not boundless. As noted above, compassionate release under the FSA provides a narrow path for defendants to leave prison early. And to be granted a reduction in the term of imprisonment, Congress requires that "such a reduction [be] consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). As detailed in previous orders, this court has assumed that the policy statements that predate the FSA still apply to compassionate release motions brought under the FSA, and it utilizes USSG § 1B.13, comment notes 1(A)-(D) to guide its analysis. *See, e.g.*, *United States v. Dressen*, 4:17-CR-40047-01-KES, 2020 WL 5642313, at *3 (D.S.D. Sept. 22, 2020), *summarily aff'd*, 2020 WL 9211124, (8th Cir. Oct. 9, 2020). Under these guidelines, Thompson's younger brothers do not qualify as his minor children, and regardless of whether he would be able to provide a more stable home for them, he fails to establish an "extraordinary and compelling reason" under the family circumstances category to warrant relief under 18 U.S.C. § 3582(c)(1)(A)(i).

### B. Catch-All Category

The catch-all category allows for release if there are extraordinary and compelling reasons other than, or in combination with, those identified in 1(A) through 1(C). USSG § 1B1.13, cmt. n.1(D). Thompson argues his cousin's medical condition and his rehabilitation efforts warrant compassionate release. Docket 177 at 3-4.

Thompson explains that his cousin needs a kidney transplant and

correctly notes that due to his inmate status, he is not qualified to donate his kidney because his cousin is not within Thompson's immediate family. Docket 166-1 at 8 (citing Fed. Bureau of Prisons Program Statement P6031.04, Patient Care, ¶ 38 (2014), https://www.bop.gov/policy/progstat/6031_004.pdf.) Though the court is not unsympathetic, Thompson's willingness to donate a kidney to his cousin is not an "extraordinary and compelling reason" to warrant relief.

Thompson also appears to argue his rehabilitation efforts warrant relief. *See* Docket 177 at 2. But "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purpose of this policy statement." U.S.S.G. § 1B1.13, cmt. n.3.

Finally, Thompson argues that this court should follow the holding in *Pepper v. United States*, 562 U.S. 476 (2011), which he claims would result in his rehabilitation efforts combined with his family circumstances meeting the "extraordinary and compelling reasons" standard. Docket 177 at 4. But in *Pepper*, the issue was whether a district court may consider evidence of a defendant's post-sentencing rehabilitation when resentencing a defendant whose original sentence had been set aside on appeal. *Pepper*, 562 U.S. at 481. Here, Thompson's original sentence remains in effect, and the court finds that the combination of his rehabilitation efforts and family circumstances does not rise to the level of "extraordinary and compelling"

6

reasons that would warrant a reduction in his sentence.

In addition, the court's evaluation of the § 3553(a) factors has not changed over the intervening months since Thompson's prior motion was denied.

## CONCLUSION

Thompson has failed to satisfy the extraordinary and compelling reasons standard. Thus, it is

ORDERED that Thompson's motion for compassionate release (Docket 166) is denied.

Dated April 11, 2023.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE